UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

W. CURTIS SHAIN                                                                                          APPELLANT

v.                                                                    CIVIL ACTION NO. 3:11CV-149-S
                                                                      BANKR. ACTION NO. 10-34558(3)

DARLENE KAY STROBL                                                                                        APPELLEE

## MEMORANDUM OPINION

This matter is before the court on appeal by appellant W. Curtis Shain of the February 1, 2011 order of the bankruptcy court denying his motions to reopen the bankruptcy of Darlene Kay Strobl for purposes of filing an adversary complaint, and for leave to proceed *in forma pauperis*. BDN[1] 26.

Shain urges that the bankruptcy court erred in declining to reopen the Strobl bankruptcy, alleging that his adversary complaint was timely filed. He contends that he placed the documents in the prison mail depository prior to the December 6, 2010 deadline for receipt by the bankruptcy court of complaints objecting to discharge of Strobl's debts. He urges the court to apply the "mailbox rule" to find that his submission of his materials to prison officials for mailing constituted filing with the bankruptcy court on that date.

The record reflects that on October 19, 2010, Shain filed a motion to waive his appearance at the meetings of creditors, due to his incarceration. (BDN 15). He also filed a notice of new address on that date. (BDN 16). On October 20, 2010, the bankruptcy court denied his motion to

---

[1]"BDN" refers to the docket entry number on the bankruptcy docket sheet for the Strobl bankruptcy, Bankr. Action No. 10-34558(3).

waive his personal appearance, noting that Shain could hire counsel to appear for him as necessary. (BDN 17).

Shain contends that on December 1, 2010, he was awaiting a ruling on an application to proceed *in forma pauperis*, and that he sent a "communication" to the clerk of the bankruptcy court seeking information on the status of his motion. He claims that on December 2, 2010, he placed his adversary complaint in the prison mail. He states that it was returned to him on December 17, 2010, and that he placed it back in the outgoing mail, but he does not indicate on what date he did so. He states that the court received a change of address notification on December 13, 2010 and his adversary complaint on December 30, 2010. He further alleges that on January 13, 2011, he received notification from the bankruptcy court that his adversary complaint would not be docketed as it was time-barred.

With the exception of the December 13, 2010 notice of change of address, none of the matters allegedly occurring between December 1, 2010 and January 13, 2011 are documented anywhere in the record.

After expiration of the period for the filing of complaints in objection to discharge, the bankruptcy court entered an order discharging the debtor on December 7, 2010 and closed the bankruptcy case. The bankruptcy court docket sheet reflects that after the issuance of the October 20, 2010 order denying Shain's motion for waiver of appearance early on in the matter, he filed nothing with the court concerning an adversary complaint until January 20, 2011 when he filed a Motion to Reopen the Case to Proceed to File an Adversary Complaint (BDN 24) and Application to Proceed *In Forma Pauperis* (BDN 25). Shain has offered nothing to establish that he placed documents in the prison mail on December 2, 2010, that they were returned to him, and that he

waive his personal appearance, noting that Shain could hire counsel to appear for him as necessary. (BDN 17).

Shain contends that on December 1, 2010, he was awaiting a ruling on an application to proceed *in forma pauperis*, and that he sent a "communication" to the clerk of the bankruptcy court seeking information on the status of his motion. He claims that on December 2, 2010, he placed his adversary complaint in the prison mail. He states that it was returned to him on December 17, 2010, and that he placed it back in the outgoing mail, but he does not indicate on what date he did so. He states that the court received a change of address notification on December 13, 2010 and his adversary complaint on December 30, 2010. He further alleges that on January 13, 2011, he received notification from the bankruptcy court that his adversary complaint would not be docketed as it was time-barred.

With the exception of the December 13, 2010 notice of change of address, none of the matters allegedly occurring between December 1, 2010 and January 13, 2011 are documented anywhere in the record.

After expiration of the period for the filing of complaints in objection to discharge, the bankruptcy court entered an order discharging the debtor on December 7, 2010 and closed the bankruptcy case. The bankruptcy court docket sheet reflects that after the issuance of the October 20, 2010 order denying Shain's motion for waiver of appearance early on in the matter, he filed nothing with the court concerning an adversary complaint until January 20, 2011 when he filed a Motion to Reopen the Case to Proceed to File an Adversary Complaint (BDN 24) and Application to Proceed *In Forma Pauperis* (BDN 25). Shain has offered nothing to establish that he placed documents in the prison mail on December 2, 2010, that they were returned to him, and that he

resent them. He has offered nothing to establish that the clerk received anything from him on December 30, 2010 or that he received some notification from the court on January 13, 2011.

The record reflects that the court received a change of address notice on December 13, 2010 (BDN 23), and his motion to reopen and pauper application on January 20, 2011 (BDNs 24, 25). The court denied his motions on February 1, 2011, finding that they were untimely. (BDN 26).

The court has absolutely no basis upon which to find error in the bankruptcy court's denial of Shain's motion to reopen the case. Therefore, a separate order will be entered affirming the order of the bankruptcy court and dismissing the appeal.

**IT IS SO ORDERED.**

October 17, 2011

**Charles R. Simpson III, Judge
United States District Court**